United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Walter T. Jamil,                                              Case No. 08-70828-R
        Debtor.                                      Chapter 7
_____/

In re:
Eugene J. Thomas,                                             Case No. 08-70844
        Debtor.                                      Chapter 7
_____/

Mark Shapiro, Trustee,
        Plaintiff,

v.                                                            Adv. No. 09-6259

Nabras Jamil,
        Defendant.
_____/

Mark Shapiro, Trustee,
        Plaintiff,

v.                                                            Adv. No. 09-6260

Joanna Thomas,
        Defendant.
_____/

Opinion Regarding Cross-Motions for Summary Judgment

I.

The debtors, Walter Jamil and Eugene Thomas, are brothers and business partners. In December, 2008, they each filed individual chapter 11 cases. The cases were administratively consolidated. On September 14, 2009, the cases were converted to chapter 7. On October 5, 2009, the trustee filed this adversary proceeding against the debtors' wives, Nabras Jamil and Joanna

Thomas. The trustee seeks to avoid an allegedly fraudulent transfer of the debtors' interest in TBI Properties, Inc. to the defendants. The trustee asserts that this transfer was done in an attempt to shield the asset from Computer Business World ("CBW"), which had obtained a judgment against the debtors.

The trustee and the defendants each filed a motion for summary judgment. The Court conducted a hearing on January 25, 2010, and took the matter under advisement.

II.

The defendants assert that as a result of a physical attack on the debtors in 2002, they were concerned for their financial security and that of their children. They contend that this led to a decision, in 2003, to have the debtors transfer their interest in TBI to them. The defendants assert that the debtors transferred TBI to them on October 9, 2003. They provided a notarized document which purports to evidence that transfer. (See Defs.' M. for Summ. J. Ex. A.) They contend that the transfer took place well before the debt to CBW arose in 2007.

The defendants acknowledge that the debtors were erroneously listed as the owners of TBI on TBI's tax returns, however, they assert that the tax returns have since been amended.

The trustee argues that during the debtors' 341 exams, they claimed, for the first time, that they had gifted their interest in TBI to their wives in 2003. However, the debtors' tax returns list the debtors as each owning 50% of TBI for the years 2003, 2004, 2005 and 2006. The trustee asserts that the debtors should therefore be estopped from arguing that their wives owned TBI during that time period. The trustee contends that it was not until the debtors filed their 2007 returns in October, 2008 that the defendants were listed as the owners of TBI.

The trustee contends that none of the annual statements for TBI filed with the State of Michigan between 2004 and 2007 list the defendants as partners or registered agents of TBI.

Instead, one of the debtors signed the annual statements each year as a partner.

The trustee also relies upon the deposition testimony of the defendants which indicates that they have no knowledge of the day-to-day operations of TBI. Further, the defendants did not begin receiving distributions from TBI until 2009.

The trustee further contends that the transfer documents were unlawfully notarized by the debtors' niece, Renee Ayar. The trustee asserts that a notary is prohibited from performing a notarial act for a family member.

### III.

The elements of equitable estoppel in the Sixth Circuit are:

> 1) conduct or language amounting to a representation of material fact;
> 2) awareness of the true facts by the party to be estopped;
> 3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended;
> 4) unawareness of the true facts by the party asserting the estoppel; and
> 5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

*Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991) (citation omitted).

Similarly, under Michigan law, "[a]n equitable estoppel arises where (1) a party by representation, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on this belief, and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts." *Hughes v. Almena Twp*. 771 N.W.2d 453, 469-70 (Mich. App. 2009).

The trustee argues that because the debtors' tax returns contradict their current position, they

3

should be estopped from arguing that they gifted their interest in TBI to their wives in 2003.

The trustee has not alleged, and there is no evidence to support, that the debtors intended that their representations on their tax returns be relied upon by the trustee or that it was relied upon by the trustee. Accordingly, the trustee is not entitled to summary judgment on this issue.

The trustee also argues that the notary was not valid. Renee Ayar, the notary, is the daughter of the debtors' sister, i.e., the debtors' niece. M.C.L.A. § 55.265(8), as in effect in 2003, prohibited a notary from performing a notarial act for a spouse, domestic partner, descendant, or sibling, including in-laws, steps or half-relatives. The statute did not prohibit a notary from performing a notarial act for an uncle. Accordingly, the trustee is not entitled to summary judgment on this issue.

With respect to the remaining arguments made by each side, the Court concludes that there are genuine issues of material fact precluding summary judgment. Accordingly, the motions for summary judgment are denied.

Not for Publication

**Signed on February 04, 2010**

                                         **/s/ Steven Rhodes**
                                         **Steven Rhodes**
                                         **United States Bankruptcy Judge**